IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSE AFFANEH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11 C 8879 |
| LITTLE CAESAR ENTERPRISES, INC., | ) ) ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Little Caesar Enterprises, Inc. ("Little Caesar") has filed its Answer and Defenses ("ADs") to the employment discrimination action brought against it by Jesse Affaneh ("Affaneh"). This sua sponte memorandum opinion and order is triggered by a repeatedly occurring problematic aspect of that responsive pleading.

Many of the Answer's responses (Answer ¶¶2, 6, 9, 12-16, 19, 22 and 27-30) follow an invocation of the disclaimer of some of Affaneh's allegations--a disclaimer that tracks the language of Fed. R. Civ. P. ("Rule") 8(b)(5)--by stating that Little Caesar "therefore, denies them." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

For years this Court has been patient with lawyers who obviously know Rule 8(b)(5) and employ its terms accurately, but

who then impermissibly go on in the manner that has been described here[1]--it has been a full decade since this Court issued and published the Appendix in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) that included the same failing as one of the repeated errors by defense counsel that it has encountered over the years. But even though the sin thus committed may be venial, forgiveness does not necessarily follow. Enough is enough--because it would appear that the purported denial cannot have been advanced in the objective good faith demanded by Rule 11(b), Little Caesar's counsel is ordered to show cause on or before January 30, 2012 (1) why the filing has not violated that Rule and (2) why, if so, no sanction should be imposed (see Rule 11(c)(3) and (4)).[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: January 20, 2012

---

[1] By chance, today's filings in this Court's chambers include two by other lawyers who have committed the same offense.

[2] It should be added that some aspects of Little Caesar's ADs are troublesome as well. This opinion's focus on the Rule 8(b)(5) issue should not be misunderstood as any indicator as to what the result might be if Affaneh's counsel were to take aim at any of those ADs.